**FLETCHER v. VETERANS ADMINISTRATION.**

Civ. A. No. 9234.

United States District Court
E. D. Michigan, S. D.

Feb. 13, 1952.

Victor Targonski, Wyandotte, Mich., for plaintiff.

Edward T. Kane, U. S. Atty., George F. Petzer, Asst. U. S. Atty., Detroit, Mich., (Walter H. E. Scott, Chief Atty., George M. Tunison, Atty., Veterans Administration Regional Office, Detroit, Mich., of counsel), for defendant.

THORNTON, District Judge.

The within action involves a bill of complaint on two counts, wherein the defendant moves for summary judgment as to the first count, and moves to dismiss the second count for failure to state a claim upon which relief can be granted.

The first count embraces an action for breach of contract wherein it is alleged, in substance, that the defendant Veterans Administration entered into a written contract for the training of veteran students under the provisions of Public Law 16, 78th Congress, as amended, and Public Law 346, 78th Congress, as amended, and that on the 8th day of March, 1950, without prior notice, the Veterans Administration terminated the training of all students under Public Law 16 at the plaintiff's school, the Union School of Refrigeration, one of the parties to the aforementioned contract, and that this interruption was had without the required notice of termination provided for in Article 6 of the contract between the parties, thereby resulting in a breach of contract which prevented the plaintiff from collecting moneys properly due him under the contract when he stood ready, willing and able to perform in accordance with its provisions.

In conjunction with the foregoing claim, the plaintiff bases jurisdiction in this Court on the following allegations:

"(a) Jurisdiction for this action is conferred upon the Court by virtue of the fact that an agency of the United States government is defendant and a Federal question is involved based upon an interpretation of the constitution of the United States of America, the statutes creating the Veterans Administration and the regulations issued by such agency as hereinafter more fully appears. The matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars.

"(b) Jurisdiction for this case is founded on the existence of a question arising under the various Federal laws provided for the creation and operation of the Veterans Administration, an agency of the U. S. government, and the regulations issued by such agency pursuant to the statutes, and further involves the interpretation of contracts entered into by the Veterans Administration based upon such statutes and regulations."

Count I is devoid of any allegation that the Veterans Administration has relinquished the right to immunity from suit on contracts relating to education and training.

■ Congress has vested in the Veterans Administration the exclusive right to determine what disabled veterans are eligible for training, and in what institution, and also the right to withdraw such students. The exercise of this right is not reviewable by a court of the United States, as evidenced by Section 5 of Public Law 2, 73rd Congress, March 20, 1933, 38 U.S.C.A. § 705 which provides as follows: "All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701–703, 704, 705, 706, 707–715, 716–

721 of this title and sections 30a, 485 of Title 5 or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision." This statute was incorporated in the Servicemen's Readjustment Act of 1944, Public Law 346, by Section 1500 thereof, 38 U.S.C.A. § 697. It is applicable to Public Law 16 students because Section 400(a) of Public Law 346 is an amendment to Paragraph VII of Veterans' Regulation No. 1(a) relating to Public Law trainees. Section 11 of Public Law 866, 76th Congress, 38 U.S.C.A. § 11a–2, is also for application in its denial of the right of judicial review of the Administrator's decisions as to questions of both fact and law. New York Technical Institute of Maryland, Inc., v. Limburg, D.C., 87 F.Supp. 308.

■ To determine the questions of law and fact raised by the claims set forth in Count I of plaintiff's bill of complaint would require this Court to invade the exclusive province of the Veterans Administration, and since there is an express statutory prohibition regarding such action on the part of the courts, this Court is without jurisdiction to entertain such an action. The motion for summary judgment is hereby granted.

■ The ultimate purpose of the claims set forth in Count I is to obtain moneys from the public treasury and this, in effect, constitutes an unauthorized suit against the United States, since the United States cannot be sued without its consent, and for this reason also, this count must be dismissed. New York Technical Institute of Maryland, Inc., v. Limburg, D.C., 87 F.Supp. 308, 313.

Count II of the bill of complaint entitled "Negligence" recites in part that the defendant has caused further damage to the plaintiff through gossip and mis-statements to veterans contacting the Veterans Administration with reference to the school, in that various officers of the Veterans Administration, Detroit Office, have advised veterans against enrolling in the Union School of Refrigeration, or seeking reinstatement therein, because such school would be closed shortly; that such statements to the various veterans and students of the school have created a situation of unrest and difficult operation in the school whereby the plaintiff has been damaged in his operations of the said school by loss of students, loss of prestige, loss of reputation and loss of business; that the Veterans Administration has brought pressure to bear upon the plaintiff to secure information from him to which the Veterans Administration is not entitled under the law, and that the Veterans Administration has sought the cooperation of other agencies to harass the plaintiff in order to obtain such information, which has resulted in excessive cost and damage to the plaintiff by undue interference with the peaceful pursuit of his occupation in the operation of the Union School of Refrigeration.

■ The alleged tortious acts of government employees set forth in the second count of plaintiff's bill of complaint do not give rise to a cause of action enforceable against the government since Congress has specifically excepted such torts from the waiver of immunity found in the Federal Tort Claims Act. The intent of Congress with respect to such claims is expressed in exception (h), Section 2680 U.S.C.A. Title 28, which reads as follows: "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Since the United States of America is expressly excluded from liability in this type of action, this Court is without jurisdiction to entertain such an action, and the second count of the bill of complaint is, therefore, dismissed.