Jesse O. SMALL, Jr., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 14515.

United States Court of Appeals Third Circuit.

Argued Jan. 9, 1964.

Decided June 29, 1964.

appeal followed. Since the defendant filed no answer we must assume the truth of the allegations in the complaint.

The plaintiff, a commissioned officer in the Army Reserve, had been engaged in the practice of dentistry in Wilmington, Delaware. On August 1, 1961, Congress by joint resolution authorized the President to order into active service any unit of the Ready Reserve and any member thereof not assigned to an organized unit. Public Law 87–117; 75 Stat. 242. Thereafter, on October 17, 1961, the plaintiff was ordered to report for active service on October 24, 1961; the order issued from Fort George G. Meade in Maryland. At the time he was not a member of the Ready Reserve but a member of the Standby Reserve and as such was subject to recall for active duty only as provided in §§ 672 and 674 of Title 10 U.S.C.A. The plaintiff reported for duty as ordered and was continued in active service until March 3, 1962, when the error was discovered. He was thereupon released from service. In addition to the facts summarized, as to which there can be no dispute, the complaint alleges that the plaintiff's erroneous recall to active duty was due "to defendant's negligence and lack * * of due care." It is further alleged that the defendant's negligent conduct injured the plaintiff's business.

Clement C. Wood, Wilmington, Del., (Allmond & Wood, Wilmington, Del., on the brief), for appellant.

John C. Eldridge, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Alexander Greenfeld, U. S. Atty., Alan S. Rosenthal, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This action for damages is based upon the defendant's alleged unlawful interference with the plaintiff's business under circumstances hereinafter described. The jurisdiction of the District Court was invoked under § 1346(b) of Title 28 U.S.C.A. The defendant moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. Fed.Rules Civ. Proc. Rule 12(b), 28 U.S.C.A. The motion was granted and an order of dismissal was entered accordingly. A motion for reargument was denied and this

The defendant here argues that the plaintiff's claim for damages is based upon an injury to property arising out of and in the course of an activity incident to military service and is therefore not cognizable under the Federal Tort Claims Act.[1] The defendant relies primarily on Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and several other cases since decided by the courts of appeals. We believe that reliance on the Feres case is misplaced and the facts in the other cases are not analogous to those in the present case. We do not reach the question raised by the argument because we

1. The court below so determined and rested its decision, at least in part, on this determination.

prefer to rest our decision on other grounds which we consider more sound.

 The liability of the United States is circumscribed by the Act, 28 U.S.C.A. § 2674, which provides: "The United States shall be liable * * * in the same manner and to the same extent as a private individual under like circumstances * * *" with certain exceptions. The liability is governed by "the law of the place where the act or omission" resulting in injury occurred, 28 U.S.C.A. § 1346(b), admittedly Maryland. It is agreed by the parties that under the conflict of laws rule of Maryland the law of Delaware is applicable. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). We must therefore determine whether an action for unlawful interference with business is cognizable under the law of Delaware. We have found no case in point, and those cited by the plaintiff are inapposite. We therefore assume that the courts of Delaware would follow the majority view upon which the first part of our decision rests.

The plaintiff here argues, consistently with the allegations of his complaint, that one "who NEGLIGENTLY interrupts the business of another is responsible under Delaware law for the natural and probable consequences of his act." (Emphasis supplied). The cases cited by the plaintiff do not support this view and we have found none that do. While ordinarily tort liability may be founded on negligence, this is not true of one's liability for unlawful interference with another's business.

 The right to pursue a lawful business or occupation is a right of property which the law protects against intentional and unjustifiable interference. A cause of action based upon such an interference is analogous to one based upon unlawful interference with existing contracts, and is governed by the same principles. Dupree v. United States, 264 F.2d 140, 142, 143 (3rd Cir. 1959), reh. den. 3 Cir., 266 F.2d 373, cert. den. 361 U.S. 823, 80 S.Ct. 69, 4

L.Ed.2d 67 (1959); Pierce Fords Sales, Inc. v. Ford Motor Company, 299 F.2d 425, 429 (2nd Cir. 1962), cert. den. 371 U.S. 829, 83 S.Ct. 24, 9 L.Ed.2d 66 (1962); Zoby v. American Fidelity Co., 242 F.2d 76, 79 (4th Cir. 1957); Middlesex Concrete Products and Excavating Corp. v. Carteret Industrial Ass'n, 37 N. J. 507, 181 A.2d 774, 779 (1962); C. B. Snyder Rlty. Co. v. National Newark & Essex B. Co., 14 N.J. 146, 101 A.2d 544, 553, 554 (1953). The gravamen of the cause of action is the intentional or willful misconduct of the tort feasor. Ibid.; see also Dora v. Dora, 392 Pa. 433, 141 A.2d 587, 590 (1958); Wahl v. Strous, 344 Pa. 402, 25 A.2d 820, 821 (1942); Klauder v. Cregar, 327 Pa. 1, 192 A. 667, 668 (1937); Hackett v. Farkas, 152 N.E.2d 475, 477 (App.Ct. Ill.1958); W. P. Iverson & Co. v. Dunham Manufacturing Co., 18 Ill.App.2d 404, 152 N.E.2d 615, 621 (1958); Caverno v. Fellows, 300 Mass. 331, 15 N.E.2d 483, 485 (1938). The complaint in the instant case is clearly deficient in that it fails to allege that the defendant's authorized representative acted either intentionally or willfully without reasonable justification, an essential ingredient of plaintiff's claim for relief.

 However, even if the complaint had sufficiently stated a claim for relief, the plaintiff was in no position to successfully resist the defendant's motion. The Federal Tort Claims Act specifically exempts from its application "[a]ny claim arising out of * * * interference with contract rights." 28 U.S.C.A. § 2680(h). The exemption extends not only to an action for the unlawful interference with existing contracts but also to actions for the unlawful interference with prospective contractual relations. Dupree v. United States, supra, 264 F.2d 143, 144. The latter action is the equivalent of one for the unlawful interference with business.

The order of dismissal will be affirmed solely for the reasons herein considered. The affirmance shall not be interpreted as an approval of the grounds upon which the decision of the court below rested.