**Emil P. TAXAY, M.D., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 1212–71.**

United States District Court, District of Columbia.

July 31, 1972.

Robert D. Powell, William H. Roberge, Jr., Stephan E. Klingelhofer, Washington, D. C., for plaintiff.

Arnold T. Aikens, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

JONES, District Judge.

Plaintiff Emil P. Taxay, M.D., brought this suit for damages under the Federal Tort Claims Act of June 24, 1948, 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America, acting by and through its agent, the Federal Aviation Administration (F.A. A.). Plaintiff requests the Court to enter judgment against the defendant in the sum of $42,501.36. Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted.

Plaintiff was designated an Aviation Medical Examiner (A.M.E.) in 1961 pursuant to the Federal Aviation Act, 49 U.S.C. § 1355, and 14 C.F.R. § 183, an appointment which expires annually and is subject to renewal at the discretion of the F.A.A., 14 C.F.R. § 183.15.[1] Plaintiff was redesignated annually and continued to serve as an A.M.E. until March 25, 1970, when he was advised that his appointment which expired at the end of the month would not be renewed.

On December 1, 1970, plaintiff filed a claim for administrative settlement with the Federal Aviation Administration which was denied in writing on December 28, 1970. Plaintiff bases his claim for monetary damages on his life expectancy of 34 years and his monthly income of $104.17 received from his A.M.E. activity. He alleges that by refusing to renew his A.M.E. designation, the United States by and through its agent, F.A.A., has wrongfully and intentionally interfered with his prospective business advantage.

Defendant has moved to dismiss the complaint on the grounds that in refusing to renew the plaintiff's appointment as an A.M.E., F.A.A. was acting within the scope of its statutory authority; and secondly, that the United States is expressly exempt from law suits filed pursuant to the Federal Tort Claims Act for the exercise of discretionary authority by a federal employee in the execution of a statute or regulation. 28 U.S. C. § 2680(a).

The plaintiff in opposition to the motion relies on the line of cases descending from Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), including the lead case from this jurisdiction, Eastern Air Lines v. Union Trust Company, 99 U.S.App.D.C. 205, 221 F.2d 62 (1955), United States v. Union Trust Company, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 799 (1955), which propose that the "discretionary function exception" does not grant a broad immunity to the government, but shields the government from suit for "planning" or policy decisions, as opposed to those decisions made on an "operational" level. Plaintiff alleges that the decision not to renew his A.M.E. appointment was made on the "operational" level.

█ It has long been the principle that "discretion" protected by the statute "is the discretion of the executive or the administrator to act according to one's judgment of the best course,

. . .

\* \* \* \* \* \*

"It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations." Eastern Air Lines v. Union Trust Company, 221 F.2d, at 76, citing *Dalehite,* supra. Therefore, the question here is whether the decision of the Regional Flight Surgeon, as affirmed by the Federal Air Surgeon and the Federal Aviation Administrator, not to renew the appointment of plaintiff as an A.M.E. falls within the area of protected discretionary activity.

█ The provisions of 49 U.S.C. § 1355(a) which grants the Federal Aviation Administrator the power to "delegate to any properly qualified private person . . . any work, business, or function respecting (1) the examination, inspection, and testing necessary to the

1. This case does not involve the employment rights of a member of the classified service of the federal government.

issuance of certificates . . ." is but one step in the process which he determines necessary "to assure safety in air commerce." 49 U.S.C. § 1422. The appointment of, or failure to appoint, any given A.M.E. is within his discretion or within the discretion of those who stand in his stead by delegation. The intent of the statute is to "assure safety in air commerce;" the placing of necessary personnel to carry out that intent would fall within the "planning" level of governmental activity, since the qualifications of such personnel are factors bearing on the decision of the Administrator or his delegate to appoint or not. This Court finds that the Administrator, through his delegate, acted within this framework and within the regulations; and that he did not, therefore, violate any right which the plaintiff could legally assert within the purview of the Federal Tort Claims Act.

█ Plaintiff contends further that by its action F.A.A. has wrongfully interfered with his prospective economic advantage thus creating a tort cognizable under the Federal Tort Claims Act. A specific exception to the tort liability of the United States under the Act provides that the United States shall not be liable for "any claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). Interference with prospective pecuniary advantage has been held to be included within the term "interference with contract rights." Fletcher v. Veterans Administration, 103 F.Supp. 654 (E.D.Mich. 1952); Dupree v. United States, 264 F. 2d 140 (3d Cir.), cert. den. 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67, reh. den. 361 U.S. 921, 80 S.Ct. 253, 4 L.Ed.2d 189 (1959). The plaintiff's assertion, therefore that F.A.A. has tortiously interfered with his prospective economic advantage falls within this exception to the Federal Tort Claims Act.

Wherefore, having considered the memoranda submitted in this case, the Court enters the following Order without a hearing pursuant to Local Rule 9(f), as amended January 1, 1972.

It is this 31st day of July, 1972,

Ordered that defendant's motion to dismiss be and the same is hereby granted.