**Carl R. DUNCAN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civ. A. No. 1165–71.**

United States District Court,
District of Columbia.

March 12, 1973.

Robert D. Powell, William H. Roberge, Jr., Smith & Pepper, Washington, D. C., for plaintiff.

Arnold T. Aikens, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

WILLIAM B. JONES, District Judge.

Plaintiff Carl R. Duncan brought this suit for damages under the Federal Tort Claims Act of June 24, 1948, 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America, acting by and through its agent, the Federal Aviation Administration (F.A.A.). Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted.

Plaintiff is a commercial airline pilot employed by National Air Lines, Inc.; therefore, this case does not involve the employment rights of a member of the classified service of the federal government. The facts of the case are amply set forth in the memoranda of counsel and are simply stated.

On June 6, 1968, the F.A.A. Administrator issued an emergency order pursuant to 14 C.F.R. 67.31 revoking plaintiff's airman medical certificate because plaintiff failed to furnish the F.A.A. with certain requested medical information. At a subsequent hearing before the National Transportation Safety Board (N.T.S.B.) the plaintiff submitted the requested medical information, and the Hearing Examiner dismissed the F.A.A.'s complaint against him. Upon appeal by the F.A.A., the full N.T.S.B. affirmed the Examiner's decision on August 22, 1968. Subsequently, upon review of the medical reports submitted by plaintiff to determine his qualifications for reissuance of an airman medical certificate, the F.A.A. denied him recertification on September 20, 1968. Plaintiff then filed a Petition for Review of the denial at the N.T.S.B. The Hearing Examiner ruled in favor of plaintiff. An appeal was taken by the F.A.A. and on January 5, 1970, the N.T.S.B. affirmed the decision of the Hearing Examiner. Plaintiff was thereafter restored to flying status. Claiming money damages from September 20, 1968, to January 5, 1970, plaintiff filed a claim for administrative settlement with the Administrator of the F.A.A. on September 8, 1970, which claim was denied in writing on February 2, 1971. He then commenced this action for money damages on June 11, 1971, pursuant to the Federal Tort Claims Act, 28 U.S. C. § 1346(b), alleging negligence on the part of agents and employees of de-

fendant, and also interference by the defendant with his prospective economic advantage.

Defendant has moved to dismiss the complaint on the grounds that in refusing to reissue an airman medical certificate to plaintiff, the F.A.A.'s action constitutes an exercise of a discretionary function and is thus not cognizable under the Federal Tort Claims Act, 28 U.S.C. § 2680(a); and secondly, that the Act expressly excepts from its scope any claim arising out of "interference with contract rights." 28 U.S.C. § 2680(h).

The plaintiff in opposition to the motion relies on the line of cases descending from Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), including the lead case from this jurisdiction, United States v. Union Trust Company, 95 U.S.App.D.C. 189, 221 F.2d 62 (1955), aff'd 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 799 (1955), which held that the "discretionary function exception" does not grant a broad immunity to the government, but shields the government from suit for "planning" or policy decisions, as opposed to those decisions made on an "operational" level, and that it was due to their negligent action that his application for reissuance of his airman medical certificate was denied.

■ It has long been the principle that "discretion" protected by the statute is the discretion of the executive or the administrator to act according to one's judgment of the best course. "It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations." United States v. Union Trust Company, 95 U.S.App.D.C. at 203, 221 F.2d at 76, citing *Dalehite, supra.* Therefore, the question here is whether the decision of the Federal Air Surgeon, as affirmed by the Federal Aviation Administrator, not to reissue plaintiff his airman medical certificate falls within the area of protected discretionary activity.

The Federal Tort Claims Act does not define "discretionary function," but in determining whether discretion exists as contemplated within the purview of the Act, "it is pertinent to inquire whether the complaint attacks on the one hand the nature of rules which a government agency has formulated, or on the other hand the way in which these rules are applied." Hendry v. United States, 418 F.2d 774, 782 (2 Cir. 1969). Plaintiff here does not controvert the power of the F.A.A. Administrator to make rules concerning the certification of airline pilots; rather he alleges negligence in the application of the established standards of certification.

■ The F.A.A. Administrator is empowered with the duty and responsibility for the promotion of air safety. 49 U.S.C. § 1421. Concurrently with this responsibility, he is empowered "to issue airman certificates specifying the capacity in which the holders thereof are authorized to serve as airmen in connection with aircraft." 49 U.S.C. § 1422. The Administrator is also authorized to make regulations and create standards for the implementation of these statutory powers, 49 U.S.C. § 1354(a), 1355; and pursuant to the Administrator's delegation, the function of testing or examining persons for certificates evolves on the Federal Air Surgeon. 49 U.S.C. § 1355(a), 14 C.F.R. 67.25. The medical standards for certification are set forth in 14 C.F.R., Part 67. The responsibility of the Administrator for air safety is reflected in these standards, and any applicant "who meets the medical standards prescribed in this part, based on medical examination and evaluation of his history and condition, is entitled to an appropriate medical certificate." 14 C.F.R. 67.11. It seems clear, therefore, that any applicant meeting the standards as set forth by the Administrator has a legal right to the certificate.

■■ Without a doubt, the decision to make standards for the certification of airmen is a policy-making decision. But the question here is whether the

Administrator's conclusion, based upon the application of those standards to any individual case, retains its "discretionary" features. ". . . where the grant of a license depends upon the balancing of several factors and the grant or refusal to grant is made without reliance upon any readily ascertainable rule or standard, the courts will hold the judgment to be discretionary. Hendry v. United States, 418 F.2d at 782. But where clear standards are set forth to which are matched the actual individual facts, the courts will hold the judgment to be operational and not discretionary. Pennsylvania R. R. Co. v. United States, 124 F.Supp. 52, 64 (D.N.J.1954). The latter is the case at hand. The Administrator has been empowered with the responsibility for air safety and in line with that authority he has promulgated regulations which an applicant is required to meet in order to obtain an airman medical certificate. He delegated the determination of whether an individual meets those standards to the Federal Air Surgeon. Title 14 C.F.R. 67.25 provides that the authority is given to the Federal Air Surgeon, aviation medical examiners, and other F.A.A. medical staff members to the extent necessary to (1) examine applicants for and holders of medical certificates for compliance with applicable medical standards; and (2) issue, renew, or deny medical certificates to applicants and holders based upon compliance or noncompliance with applicable medical standards.

■■ By promulgating those regulations the Administrator is not only exercising his responsibility for air safety, but he is also effectively regulating an entire occupation, that of the commercial airline pilot. This double effect bears an added burden. In the words of Judge McGuire, writing in Union Trust Company v. United States, 113 F.Supp. 80, at 84 (D.D.C.1953): "When the Government, as here, takes upon itself the function—as it claims it must—of the regulation of air commerce and the responsibility, among other things, of regulating the flow of traffic at a public airport, the assumption of such a responsibility involves something further, namely, not only an activity designed to be protective of the interest of that amorphous group known as the public as a whole, but that of individuals as well, against potential hazards incident to such performance and implicit in its undertaking." If the government assumes the responsibility of regulating the commercial air pilot occupation in furtherance of its "end-objective" of securing air safety, it must do so in a careful manner. The "discretionary function" exemption embodied in the Federal Tort Claims Act should not be used to effect a mantle of protection for negligent action. Cf. Indian Towing Co., Inc. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955).

■ Since an applicant is entitled to a certificate if he qualifies under the regulations (14 C.F.R. 67.11), application of that policy to the individual case is an administrative decision at the operational level which if negligently done will make the government liable. Since such is plaintiff's claim, all facts well pleaded in his complaint are to be assumed as true and he must have a chance to prove his case.

■ Plaintiff contends further that by its action F.A.A. has wrongfully interfered with his prospective economic advantage, thus creating a tort cognizable under the Federal Tort Claims Act. A specific exception to the tort liability of the United States under the Act provides that the United States shall not be liable for "any claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). Interference with prospective pecuniary advantage has been held to be included within the term "interference with contract rights." Fletcher v. Veterans Administration, 103 F.Supp. 654 (E.D.Mich. 1952); Dupree v. United States, 264 F. 2d 140 (3d Cir.), cert. den. 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67, reh. den. 361 U.S. 921, 80 S.Ct. 253, 4 L.Ed.2d 189 (1959). The plaintiff's assertion, therefore, that F.A.A. has tortiously interfered with his prospective economic advantage falls within this exception to

the Federal Tort Claims Act. Taxay v. United States, 345 F.Supp. 1284 (D.D. C.1972).

The defendant further requests the Court pursuant to 28 U.S.C. § 2680(h) to strike the allegation in the complaint regarding misrepresentation and medical malpractice. Plaintiff states, however, that these allegations go to negligence in conduct and not to the fact of misrepresentation itself. If such be the case, the Court's decision on this part of the motion must be left for further motion based upon a fuller development of the facts.

Wherefore, having considered the memoranda submitted in this case, the Court enters the following order without a hearing pursuant to Local Rule 9(f).

It is ordered

1. That defendant's motion to dismiss the complaint is denied as to plaintiff's claim based on alleged negligence;

2. That defendant's motion to dismiss the claim denominated "intentional interference with the advantage plaintiff enjoyed from his business as a commercial airline pilot" is granted.