569 F.Supp. 782 (1983)
Wallace C. MOESSMER, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 83-1050C(1)
United States District Court, E.D. Missouri, E.D.
August 30, 1983.
*783 Wallace C. Moessmer, pro se.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on defendant's motion to dismiss plaintiff's complaint. Defendant contends that this Court lacks subject matter jurisdiction over plaintiff's action because it is exempted from the waiver of sovereign immunity in the Federal Tort Claims Act (F.T.C.A.) by section 2680(h) of that act. 28 U.S.C. § 2680(h). In addition, defendant claims that plaintiff's cause of action is barred by the two (2) year statute of limitations in the F.T.C.A. 28 U.S.C. § 2401(b).
Plaintiff's cause of action arises out of intentional interference with prospective business advantage and negligent maintenance of employment records. Count I of plaintiff's complaint alleges that as a result of intentional misconduct on the part of C.I.A. officials and employees, to wit, intimidating, threatening, pressuring and directing Continental not to hire plaintiff, plaintiff was not hired by Continental. Count II of plaintiff's complaint alleges that plaintiff was damaged as a result of negligent maintenance of employment records, to wit, placing false and derogatory information in plaintiff's file. In addition, plaintiff alleges that while the events complained of occurred in 1966, he was unable to learn the cause of his injuries until 1981 due to defendant's concealment of the wrongful conduct of the C.I.A. officials and employees.
Defendant has not answered plaintiff's complaint, but it has instead filed the instant motion to dismiss. Defendant argues that it has not waived its sovereign immunity with respect to plaintiff's claim, and that therefore this Court lacks jurisdiction. In addition, defendant contends that plaintiff's cause of action is barred by the statute of limitations.
In passing on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, *784 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1947). A complaint will withstand a motion to dismiss even if it appears on the face of the pleadings that a recovery is very remote. Id.

1. Count I: Claim For Interference With Prospective Economic Advantage.

The United States has waived its sovereign immunity to particular tort actions in the F.T.C.A. 28 U.S.C. §§ 1346, 2671 et seq. The terms of the Government's waiver in the F.T.C.A. are conditions precedent to that waiver and a district court lacks jurisdiction to hear claims against the Government if the provisions of the F.T.C.A. are not complied with. United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).
Section 2680(h) of the F.T.C.A. expressly exempts the following claims from the F.T. C.A.'s waiver of sovereign immunity:
Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights....

28 U.S.C. § 2680(h) (emphasis added). Although there is some authority to the contrary, see, e.g., Builders Corporation of America v. United States, 259 F.2d 766 (9th Cir.1958); Colorado Insurance Group, Inc. v. United States, 216 F.Supp. 787 (D.Colo. 1963), the weight of authority supports the proposition that claims for interference with prospective economic advantage are included within the section 2680(h) "interference with contract rights" exemption. See, e.g., Small v. United States, 333 F.2d 702 (3d Cir.1964); Dupree v. United States, 264 F.2d 140 (3d Cir.) cert. denied, 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 reh. denied, 361 U.S. 921, 80 S.Ct. 253, 4 L.Ed.2d 189 (1959); Duncan v. United States, 355 F.Supp. 1167 (D.D.C.1973); Taxay, M.D. v. United States, 345 F.Supp. 1284 (D.D.C. 1972).
In Dupree, supra, the plaintiff was denied a position as a merchant seaman because the Government negligently withheld the requisite security clearance. The court affirmed the trial court's dismissal and expressly held:
the tort of interference with prospective advantage is simply an extension of tort liability for interference with existing contractual relations ...
264 F.2d at 143. Therefore, the district court lacked jurisdiction over the claim by reason of section 2680(h).
The Dupree case has been applied in several other cases where the claim was based on interference with prospective economic advantage. In Duncan, supra, section 2680(h) barred plaintiff's claim for damages resulting from the F.A.A.'s revocation of plaintiff's airman medical certificate. And in Taxay, supra, section 2680(h) barred plaintiff's claim based upon the F.A.A.'s refusal to renew plaintiff's appointment as an Aviation Medical Examiner. The Duncan and Taxay cases were both disposed of by granting motions to dismiss.
Finally, in Small, supra, the Third Circuit reaffirmed Dupree in the context of a claim for unlawful interference with business. Plaintiff was a dentist who alleged that he was wrongfully ordered to report for military service and was thereby damaged in his business. Equating plaintiff's claim to one for interference with prospective contractual relations, 333 F.2d at 704, the court affirmed the trial court's dismissal as the claim was within section 2680(h).
Count I of plaintiff's complaint in the case at bar is a claim for interference with prospective economic advantage. Under the authority of Dupree and its progeny, section 2680(h) deprives this Court of subject matter jurisdiction of plaintiff's claim in Count I.
Builders Corporation of America, supra, does not necessarily support a contrary result. In Builders Corporation, the Ninth Circuit did not hold that a claim for interference with prospective advantage was not excepted by section 2680(h). Rather, the *785 dismissal in that case seems to have been reversed due to uncertainty as to exactly what plaintiffs' claims consisted of and as to whether state law recognized such claims.
Colorado Insurance Group, supra, does support plaintiff's position, but this Court declines to follow that case. In this regard, it is significant to note that this Court is unaware of any other decision that has followed the Colorado Insurance Group case.
Accordingly, defendant's motion to dismiss Count I of plaintiff's complaint be and is granted.

2. Count II: Claim For Negligent Maintenance of Employment Records.

Plaintiff relies on Quinones v. United States, 492 F.2d 1269 (3d Cir.), to support his argument that his action for negligent maintenance of employment records is not excepted by section 2680(h). Quinones involved an F.T.C.A. action by a former Government employee based on the alleged failure of the Government to use due care in maintaining his personnel records, resulting in damage to his reputation. Quinones did not involve the interference with contract exception. Specifically, the Quinones court held that the libel and slander exception in section 2680(h) barred plaintiff's claim based on breach of a duty to disseminate accurate information, but did not bar his claim for breach of an alleged duty to maintain complete and accurate records of plaintiff's employment history. 492 F.2d at 1280-81. In Quinones, as in the case at bar, plaintiff alleged that he was denied subsequent employment due to the Government's transmittal of inaccurate information.
In the case at bar, Count II of plaintiff's complaint can be read as stating a claim for negligent maintenance of his employment records. This claim is distinct from, and based on different conduct than, the interference with prospective advantage claim. Therefore, since the claim in Count II does not fall within any of the torts enumerated in section 2680(h) and plaintiff can recover if he establishes the allegations in Count II, Count II is not dismissed.
Because Count II states a claim upon which relief can be granted, this Court must address defendant's argument that the claim is barred by the statute of limitations.
Under section 2401(b) of the F.T.C.A., a claim must be brought within two (2) years of the date upon which it accrued. 28 U.S.C. § 2401(b). In United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the court held that a claim does not "accrue" for purposes of section 2401(b) until "plaintiff has discovered both his injury and its cause." Id. at 120, 100 S.Ct. at 358 (emphasis added).
In the present case, plaintiff alleges that while he was injured in 1966 he did not discover its cause until 1981. Taking these allegations as true, as this Court is required to do in a motion to dismiss, plaintiff's claim is not barred by the statute of limitations.
Accordingly, defendant's motion to dismiss Count II of plaintiff's complaint be and is denied.