579 F.Supp. 1030 (1984)
Wallace C. MOESSMER, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 83-1050C(1).
United States District Court, E.D. Missouri, E.D.
February 21, 1984.
Edward V. Ward, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This matter is before this Court on defendant's motion for summary judgment. Defendants advocate four grounds on which this Court should grant summary judgment. The grounds asserted are that: 1) the Privacy Act of 1974, 5 U.S.C. § 552a provides the exclusive remedy for negligent maintenance of government records; 2) the maintenance of employment records is not tortious conduct under the law of the State of Virginia, and thus is not cognizable under the F.T.C.A.; 3) plaintiff's claim is barred by the F.T.C.A.; and 4) plaintiff's claim is barred by the statute of limitations. For the reasons stated below, defendant's motion is granted.
Plaintiff has filed this action against the federal government, and claims that the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. § 2680(h), provides a waiver of sovereign immunity. Plaintiff alleges that he was damaged as a result of negligent maintenance of employment records by his former employer, the CIA. He states that the *1031 CIA placed false and derogatory information in his employment file, and that Continental Air Services, Inc., refused to hire him on account of the false and derogatory information.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846.
One of the grounds advanced by the government in support of its motion is that plaintiff's claim is barred by 28 U.S.C. § 2680(h). Section 2680(h) exempts the United States Government from potential liability for the torts of libel and slander. The question has been addressed by two circuits in Quinones v. United States, 492 F.2d 1269 (3rd Cir.1974), and Jimenez-Nieves v. United States, 682 F.2d 1 (1st Cir.1982). Both cases consider whether claims for negligent maintenance of records are exempted from waivers of sovereign immunity by the F.T.C.A. The holdings of the courts differ, however, and thus are in conflict with one another.
In Quinones, the Third Circuit reasoned that the essence of the tort of defamation is the publication of defamatory material, which is distinguishable from the alleged failure to maintain adequate records. The court states that "[i]t is not the publication of the incorrect employment history and record that serves as the foundation of plaintiff's complaint; it is the method in which the defendant maintained the record of his employment that is being criticized." Id. at 1276. Accordingly, the court did not apply the defamation exclusion of the F.T. C.A. to the claim because it found that the tort of negligent maintenance of records differed sufficiently from libel or slander.
The Jimenez-Nieves court, on the other hand, had the benefit of the Quinones reasoning. However, this reasoning was specifically rejected by the First Circuit. The court stated that "... we do not believe that the fact that a defamation is caused negligently makes it any the less a defamation. Indeed, it is commonly held that a defamation can be caused by negligence." Jimenez-Nieves, 682 F.2d at 6.
This Court follows the lead of the First Circuit, and holds that negligent maintenance of personnel records falls within the libel and slander exception to the F.T.C.A.[1] This is a departure from our previous holding in this case. See Moessmer v. United States, 569 F.Supp. 782 (E.D.Mo.1983). The parties did not cite Jimenez-Nieves before this time, and did not call upon this Court to adopt the reasoning of Jimenez-Nieves.
In an additional attempt to uphold his complaint, plaintiff argues that even if a claim for negligent maintenance of employment records is within the defamation exemption of the F.T.C.A., he has not specifically alleged that the CIA communications included defamatory material. Rather, he argues that his pleadings claim that the CIA relied on its inaccurate and derogatory information when it formed a policy of intimidating, pressuring, threatening and directing Continental Air Services, Inc. not to hire him.
Under this interpretation of the pleadings, the government is still entitled to *1032 summary judgment. These broad allegations advance a claim for interference with prospective economic advantage as opposed to defamation. However, this Court previously dismissed plaintiff's claim in Count I for interference with prospective economic advantage because said claim is expressly exempted from the F.T.C.A.'s waiver of sovereign immunity. Moessmer v. United States, 569 F.Supp. 782, 784-85 (E.D.Mo. 1983).
Because defendant's motion for summary judgment is granted, it is unnecessary for this Court to discuss the other grounds raised in support of the motion.
NOTES
[1] This Court notes that Judge Gibson of the Eighth Circuit sat by designation on the panel in Jimenez-Nieves.