**Wallace C. MOESSMER, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

No. 84–1470.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1985.

Decided April 29, 1985.

Edward V. Ward, St. Louis, Mo., for appellant.

Robert T. Haar, St. Louis, Mo., for appellee.

Before BRIGHT, ARNOLD, and BOWMAN, Circuit Judges.

BRIGHT, Circuit Judge.

Wallace Moessmer appeals from the dismissal of his complaint for damages against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80. The district court[1] ruled that both Count I of his complaint, charging the Government with unlawful interference with his prospective employment, and Count II, alleging negligent maintenance of personnel records, failed to state a claim by virtue of the Government's exemption from liability under 28 U.S.C. § 2680(h).[2] We agree with the district court and affirm.

I. BACKGROUND.

The Central Intelligence Agency (CIA) hired Wallace Moessmer in 1963 to supervise and train pilots in the Congo. In 1965,

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

2. Section 2680(h) expressly exempts the following claims from the FTCA's waiver of sovereign immunity:

Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights * * *.

the CIA transferred Moessmer to Laos, where he subsequently sought employment with a private airline, Continental Air Services, Inc. (Continental). After receiving assurances of future employment from Continental, Moessmer resigned from the CIA. Thereafter, Continental refused to hire him. Moessmer asserts that the airline's refusal was a response to pressure and intimidation by the CIA.

In 1981, Moessmer requested his employment records from the CIA pursuant to the Freedom of Information Act. He alleges that the records he received contained false information. He then filed suit against the United States under the FTCA. Moessmer's complaint contained two counts. In Count I, he alleged that the CIA had interfered with his prospective economic advantage by preventing his employment with Continental. The district court dismissed this count on the ground that section 2680(h) of the FTCA specifically exempts claims arising out of interference with contract rights. *Moessmer v. United States,* 569 F.Supp. 782 (E.D.Mo.1983).

In Count II, Moessmer alleged negligent maintenance of employment records by the CIA. The gist of this allegation was that the CIA negligently allowed false information to be placed in Moessmer's employment file, and the CIA's reliance upon this information injured appellant. The district court granted the Government's motion for summary judgment on Count II, ruling that this allegation fell within the section 2680(h) exception for claims arising out of libel and slander. *Moessmer v. United States,* 579 F.Supp. 1030 (E.D.Mo.1984). This appeal followed.

## II. DISCUSSION.

■ Moessmer contends that the district court erred in dismissing his claim for interference with prospective economic advantage on the ground that it came within the contract rights exception of section 2680(h). Appellant argues that this exception applies only to rights under existing contracts. Because he had no formal contract with Continental, he asserts that his claim for interference with prospective employment should be allowed.

The Third Circuit considered whether an action for interference with future employment could be maintained against the Government in *Dupree v. United States,* 264 F.2d 140 (3d Cir.), *cert. denied,* 361 U.S. 823, 80 S.Ct. 253, 4 L.Ed.2d 189 (1959). Affirming the dismissal of the action under section 2680(h), the court stated: "[T]he tort of interference with prospective or potential advantage is simply an extension of tort liability for interference with existing contractual relations * * *." *Id.* at 143. *See also Small v. United States,* 333 F.2d 702 (3d Cir.1964).

We agree with the reasoning of the Third Circuit. Allowing an action for interference with a prospective contract but not for interference with an existing contract achieves an anomalous result. We hold that Moessmer's claim for interference with prospective economic advantage is the equivalent of a claim for interference with contract rights, and thus falls within the section 2680(h) exemption. Therefore, the district court did not err in dismissing Count I of his claim.

■ Moessmer also challenges the order granting summary judgment on his claim for negligent maintenance of employment records. The district court ruled that the claim was barred under the libel and slander exception of section 2680(h). Appellant urges this court to adopt the reasoning in *Quinones v. United States,* 492 F.2d 1269 (3d Cir.1974), in which the Third Circuit allowed a claim for negligent failure to maintain accurate employment records. The court distinguished between a claim for negligent *maintenance* of records, and one for the *dissemination* of inaccurate information, holding that section 2680(h) barred only the latter claim. We decline to draw any such distinction in the present case. Moessmer contends that the CIA acted upon false and derogatory information in his employment file and, as a result, Continental refused to hire him. If the gravamen of his complaint is that the CIA communicated defamatory material to Con-

tinental, then his claim falls within the libel and slander exception to the FTCA. Alternatively, if his contention is not that the CIA disseminated false information, but that the agency relied upon such information in pressuring Continental not to hire him, then he is merely repeating his Count I claim of interference with precontractual relations. Either way, appellant's claim is barred under section 2680(h) and the district court properly granted summary judgment.

Accordingly, we affirm the judgment of the district court.