**Wallace C. MOESSMER, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

No. 83–1050C(1).

United States District Court,
E.D. Missouri, E.D.

July 22, 1985.

Edward V. Ward, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on defendants' motion to dismiss for lack of jurisdiction over the person.[1] The United States argues that the defendants are not subject to service of process pursuant to Missouri's long-arm statute and that this Court's exercise of personal jurisdiction over them does not comport with the requirements of due process.

Plaintiff Wallace C. Moessmer is a citizen of the United States residing in Clayton, Missouri. The identity, citizenship and residence of the defendants remain unknown.[2] Plaintiff's first amended complaint sets out a *Bivens* cause of action under the Fifth Amendment of the United States Constitution. *See, Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Only Count III of the complaint, the *Bivens* action, concerns this Court at present. Previously, this Court granted the United States' motion for summary judgment on the first two counts, which were directed against the United States as defendant. *Moessmer v. United States,* 579 F.Supp. 1030 (E.D.Mo.1984) (order granting summary judgment), *aff'd,* 760 F.2d 236 (8th Cir. 1985); *Moessmer v. United States,* 569 F.Supp. 782 (E.D.Mo.1983) (order granting summary judgment), *aff'd,* 760 F.2d 236 (8th Cir. 1985); In Count III, plaintiff charges agents of the CIA with depriving him of employment without due process of law. Plaintiff's allegations do not specify whether he is suing to sue the agents in their official or individual capacities. If

---

1. The United States filed a pre-answer motion to challenge jurisdiction over the defendants, but does not represent the defendants at this time. Though the United States made its motion pursuant to Rules 12(b)(1) and 12(b)(6), the motion is more properly made pursuant to Rule 12(b)(2). Because plaintiff and the United States have argued the issue of *in personam* jurisdiction, this Court will construe the motion as made under Rule 12(b)(2).

2. Pursuant to an order of this Court, the United States Attorney has revealed the names of persons connected with the Central Intelligence Agency (CIA), but has not served those CIA agents who made decisions concerning plaintiff's employment. Plaintiff has not named any of these revealed persons as a defendant in this lawsuit.

Count III is directed against the agents in their official capacities, the plaintiff does not present a colorable claim. A suit against the agents in their official capacities is a suit against the United States, if the resulting decree would operate against the Government or if the resulting judgment would be satisfied from the public treasury. *See, Salla v. Califano*, 499 F.Supp. 684 (N.D.Ill.1980). The defense of sovereign immunity blocks suits against the United States for money damages in excess of $10,000.00 unless brought in the Court of Claims under the Tucker Act, 28 U.S.C. §§ 1346 and 1491. *Clark v. United States*, 596 F.2d 252, 253 (7th Cir.1979).

██ In this case, plaintiff prays for a judgment in the amount of $5,000,000.00. By suing the agents in their official capacities, in effect, he prays for a judgment which would be paid by the United States. Thus, this Court must dismiss the action if plaintiff is suing the agents exclusively in their official capacities. However, plaintiff's pleadings can be construed as suing the agents in their individual capacities. Though sovereign immunity would not be a defense to such a suit, the issue of personal jurisdiction becomes relevant. When sued in his or her individual capacity, a Government agent is entitled to the usual statutory and constitutional limits on the exercise of *in personam* jurisdiction.

██ In passing on a motion to dismiss for lack of jurisdiction over a non-resident, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long-arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment. *The Land-O-Nod Company v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir.1983); *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982). Plaintiff, the party that is seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jur-

isdiction. *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982). While the facts are viewed in the light most favorable to the plaintiffs, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist...." *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted). *See also Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977) (plaintiff need only make a prima facie showing of jurisdictional facts through submission of affidavits plus discovery materials); *Greycas, Inc. v. Anderson*, 584 F.Supp. 894, 895–96 (E.D.Mo.1984); 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1068 at 250 (1969).

Missouri's Long-Arm statute provides:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting.

2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

§ 506.500, R.S.Mo. (1982).

██ The due process clause of the fourteenth amendment places limits upon the power of a court to exercise personal juris-

diction over a non-resident defendant. The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Land-O-Nod*, 708 F.2d at 1340. *Accord World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984) (citations omitted). *See also Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 104 S.Ct 1868, 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." *World Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567. *See also Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

▮ In this circuit, the due process standard has devolved into a consideration of five factors:

(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977). *See Land-O-Nod*, 708 F.2d at 1340. The first three factors are of primary importance and the last two are of secondary importance. *Id.*

The United States argues that the exercise of personal jurisdiction over the individual agents is improper, because plaintiff has failed to allege any acts which under Missouri's Long-Arm statute give rise to personal jurisdiction. Plaintiff concedes that his allegations regarding jurisdiction lack specificity, but argues that the secrecy of the CIA prevents him from obtaining additional information. A brief overview of the facts underlying plaintiff's claim is necessary to determine whether this Court may exercise jurisdiction over the individual agents.

In 1963, the CIA hired plaintiff to train pilots in the Congo. In 1965, the CIA transferred plaintiff to Laos, where plaintiff subsequently sought employment with a private airline, Continental Air Services, Inc. (CASI). After receiving assurances of future employment from CASI, plaintiff cabled his resignation to CIA offices in Virginia. Subsequently, CASI failed to hire him. Plaintiff asserts that the failure of CASI to hire him resulted from threats and intimidation by CIA agents.

▮ These facts reveal none of the five enumerated acts by which a defendant becomes subject to service of process under Missouri's Long-Arm statute. Therefore, plaintiff fails to meet his burden of stating sufficient facts in the complaint to support a reasonable inference that this Court may exercise jurisdiction. *See,* 4 C. Wright & A. Miller *Federal Practice and Procedure* § 1068 (1969). Further, plaintiff alleges no other state or federal ground in support of personal jurisdiction. Admittedly, plaintiff may encounter difficulties in uncovering information regarding activities of the CIA and its agents. However, these difficulties do not shift plaintiff's burden of establishing that personal jurisdiction exists. Defendants' motion to dismiss is granted and Count III of plaintiff's complaint is dismissed.

Since this decision rests upon plaintiff's failure to meet the requirements for the exercise of jurisdiction under the long-arm statute, it is unnecessary to decide whether the exercise of personal jurisdiction in this case would lie within the limitations of due process.