**Gerald J. HOESL, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Dr. David Allen Kasuboski, Defendants–Appellees.**

**No. 78–2198.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 1980.

Decided Oct. 2, 1980.

Terry Carlson, San Rafael, Cal., for plaintiff–appellant; Harvey M. Kletz, Kletz & Moll, Oakland, Cal., on brief.

John F. Barg, San Francisco, Cal., for defendants–appellees.

Before DUNIWAY, SNEED and POOLE, Circuit Judges.

PER CURIAM:

The plaintiff was suspended and subsequently fired from his position as a civilian

---

naval engineer on the basis of a report written by Dr. Kasuboski, a Navy psychiatrist. The plaintiff alleges that the report was based on a negligently conducted psychiatric examination and was negligently prepared. He appealed to the Civil Service Commission, which reinstated him and awarded him some back pay. Hoesl later filed this action against Dr. Kasuboski and the United States, seeking the remainder of his lost pay, the costs of his civil service appeal, and damages for mental anguish and injury to his reputation. The district court dismissed the case, holding that the action was properly characterized as a defamation action. The court dismissed the action against the United States because it is immune from libel and slander suits under 28 U.S.C. § 2680(h) (1976). The court dismissed the action against Dr. Kasuboski because his report is privileged under the federal common law. We affirm.

The plaintiff contends that the law of defamation is inapplicable because his case is based on the claim that Dr. Kasuboski negligently conducted the psychiatric examination. We reject plaintiff's argument. The district court distinguished cases where the plaintiff's alleged injury resulted from treatment based on a negligent medical examination, which may be characterized as medical malpractice cases, and cases where the injury resulted from the use of a report in making a personnel decision. The latter cases are properly characterized as defamation cases even where the allegedly negligently prepared report was written by a doctor. Hoesl suffered no injury because of improper treatment. His injury resulted from the use of the report by his supervisors in making a personnel decision. We affirm on the basis of the opinion of the district court. *Hoesl v. United States*, 451 F.Supp. 1170 (N.D.Cal.1978).

Affirmed.