**John DOE, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 77 Civ. 5012 (WK).**

United States District Court,
S. D. New York.

Sept. 3, 1981.

---

1. 29 U.S.C. § 794a provides that an individual pursuing a complaint under the Rehabilitation Act will have the same rights, procedures, and remedies as an individual would be accorded by Section 717 of Title VII. Since there is no right to a jury trial under Title VII there is no such right in an action brought under the Rehabilitation Act.

Deborah M. Greenberg, Legal Action Center of the City of New York, Paul, Weiss, Rifkind, Wharton & Garrison, Jay Topkis, Helen Davis Chaitman, New York City, for plaintiff.

John H. Martin, U. S. Atty., S. D. N. Y., Richard N. Papper, Asst. U. S. Atty., New York City, for defendants.

## MEMORANDUM AND ORDER

### WHITMAN KNAPP, District Judge.

This is an action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* On March 5, 1973, after pleading guilty to a charge of mail theft, plaintiff was sentenced pursuant to the Federal Youth Corrections Act ("YCA"), 18 U.S.C. §§ 5005 *et seq.*[1] On May 16, 1974, upon the recommendation of the Probation Department, the court ordered that he be unconditionally discharged from probation, his conviction was set aside pursuant to 18 U.S.C. § 5021(b), and he was given a certificate of vacation of conviction. In 1975, plaintiff advised his employer, a New York bank, of his conviction and the vacation thereof, and was assured by bank officials that such conviction would not bar

---

1. Plaintiff was sentenced by Judge Metzner of this court to imprisonment for a term of one year, thirty days of which were to be served on ten consecutive weekends, with execution of the balance suspended and plaintiff placed on probation for a period of two years.

him from permanent employment with the bank if a routine FBI check confirmed his statements with respect to his status. Thereafter, however, the FBI sent the bank a copy of plaintiff's identification record which contained no indication that his conviction under the YCA had been set aside. The omission in the FBI report was caused by the negligent failure of the Probation Department to notify the FBI of the court's order setting aside the conviction. Within a month of the bank's receipt of the FBI report, plaintiff was discharged.

Plaintiff now seeks to recover damages for the Probation Department's negligence.[2] Specifically, plaintiff claims that defendants are liable under the FTCA because New York law recognizes a tort for breach of a statutory or regulatory duty.[3] Defendants have moved to dismiss the complaint, contending that the action is barred by various exceptions to the FTCA, to wit, misrepresentation, libel, and interference with contract rights, and that plaintiff could not recover in any event on the ground that the YCA was not enacted for his protection or that of others similarly situated. For reasons which follow, defendants' motion is denied.

In order to recover under the FTCA, a litigant such as plaintiff "must show that the government breached a duty which it owed to him." *Goodwin v. United States* (9th Cir. 1975) 517 F.2d 481, 482. Moreover 28 U.S.C. § 1346(b) provides that the United States is liable

"for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred.*" (Emphasis supplied.)

It has long been established under New York law that violation of a statutory duty imposed for the benefit of a particular class gives rise to a claim for damages by members of that class. "It is a general rule, that whenever one owes another a duty, whether such duty be imposed by voluntary contract or by statute, a breach of such duty causing damages gives a cause of action." *Willy v. Mulledy* (1879) 78 N.Y. 310, 314. See also, e. g., *Amberg v. Kinley* (1915) 214 N.Y. 531, 108 N.E. 830; *DiCaprio v. New York Central Railroad Co.* (1921) 231 N.Y. 94, 131 N.E. 746; *Motyka v. City of Amsterdam* (1965) 15 N.Y.2d 134, 256 N.Y.S.2d 595, 204 N.E.2d 635. It is clear that at the time of plaintiff's discharge from probation, the Probation Department was under an affirmative regulatory—if not specifically statutory—duty to inform the FBI that his conviction had been set aside so that the FBI, in turn, could accurately maintain its records. According to Section 5.24 of the Probation Office Manual in effect in 1974 (and quoted at 9–10 of the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint):

"When a youth offender on probation is discharged prior to the maximum period of probation fixed by the court, an FBI disposition sheet . . . should be sent to the Identification Division of the Federal Bureau of Investigation *so that the arrest record of the FBI will show that the probationer has received a certificate setting aside the conviction.*" (Emphasis supplied.)

2. Originally, plaintiff also sought damages under the Privacy Act of 1974, 5 U.S.C. § 552a, as well as certain declaratory and injunctive relief. Plaintiff has since withdrawn his claim under the Privacy Act. In addition the Government has agreed to physically remove plaintiff's Identification Record from the FBI's central files and place it in a separate storage facility in accordance with the decision in *Doe v. Webster* (D.C.Cir.1979) 606 F.2d 1226. Thus, the only claim remaining is the one for damages under the FTCA.

3. Plaintiff also contends that defendants are liable under New York law for breach of a common law duty to use due care. Since we have determined that defendants are liable for breach of a statutory or regulatory duty owed to the plaintiff, we do not come to consider whether or not they may also be liable under this alternative theory.

It is self-evident that the Probation Department's duty to provide the FBI with this critical information carries with it as a corollary the obligation to perform such duty reliably and responsibly. See *Tarlton v. Saxbe* (D.C. Cir. 1974) 507 F.2d 1116, 1122. There can be no question that "the Government may be liable where its employees, in carrying out their duties, fail to conform to pre-existing statutory and regulatory requirements." *Griffin v. United States* (3d Cir. 1974) 500 F.2d 1059, 1069. Furthermore, where an agency of the United States has a duty to maintain complete and accurate records, its failure to do so may render it liable under the FTCA. See *Quinones v. United States* (3d Cir. 1974) 492 F.2d 1269, 1281.

It is also beyond question, despite defendants' arguments to the contrary, that this plaintiff belongs to the class for whose specific benefit the YCA was enacted. See *Micklus v. Carlson* (3d Cir. 1980) 632 F.2d 227, 234; *Tarlton v. Saxbe, supra.* As Chief Justice Burger observed in *Dorszynski v. United States* (1974) 418 U.S. 424, 433, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 the YCA was "designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket [between the ages of sixteen and twenty-two], to rehabilitate them and restore normal behavior patterns." Moreover, we agree with the Third Circuit that a youth offender who has failed to receive some or all of the benefits due him under the Act may recover damages under the FTCA. See *Micklus v. Carlson, supra,* 632 F.2d at 235. Consequently, we find that the Probation Department's negligent failure to notify the FBI of the vacation of plaintiff's conviction under the YCA—which failure resulted in the maintenance by the FBI of inaccurate records regarding plaintiff—constituted a breach of a duty owed to plaintiff. This breach of duty entitled him to maintain this action for damages under the FTCA.

We reject defendants' contention that this action is barred by one of three exceptions to the FTCA set forth in 28 U.S.C. § 2680(h). According to that statute, the United States is not liable under the FTCA for

"[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel,* slander, *misrepresentation,* deceit, or *interference with contract rights.*" (Emphasis supplied.)

It is, of course, true, as the court observed in *In Re Agent Orange Product Liability Litigation* (E.D.N.Y.1980) 506 F.Supp. 762, 769, citing *United States v. Orleans* (1976) 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 and *Dalehite v. United States* (1953) 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 that "[i]f a claim falls within any exception to the FTCA, sovereign immunity has not been waived and the court is without jurisdiction to hear the case." In other words, in such a situation sovereign immunity has not been waived as to *that claim.* We do not, however, read *Agent Orange* to hold, and neither of the above-cited Supreme Court cases even remotely suggests, that an action for negligence otherwise maintainable under the FTCA would be barred because, on the facts of a particular case, *another* claim which would be barred by one of the § 2680(h) exceptions to the FTCA could also be asserted.

On the contrary, it is by now well established that where a valid claim under the FTCA exists, it is not barred because one or more of the § 2860(h) exceptions "may be collaterally involved." *Rogers v. United States* (4th Cir. 1968) 397 F.2d 12, 15. See also *Black v. Sheraton Corp. of America* (D.C. Cir. 1977) 564 F.2d 531, 540–41; *Gibson v. United States* (3d Cir. 1972) 457 F.2d 1391, 1395; *Loritts v. United States* (D.Mass.1980) 489 F.Supp. 1030. Thus, having determined that plaintiff in the instant action has a maintainable claim under the FTCA for the Government's negligent record keeping, we need not consider whether or not any separate and distinct claims he might have brought would have been barred by one or more of the § 2860(h) exceptions.

Defendants' motion to dismiss the complaint is denied. A conference to set a trial date is scheduled for September 22, 1981 at 10:00 a. m. in Courtroom 619.

SO ORDERED.