932 F.2d 1064
 James C. TALBERT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
and
Department of Commerce, its Agents and Employees Including
the Secretary of Commerce, Director of Personnel,
and Susan Gambino, Employee of Commerce
Personnel Office, Defendants.
 No. 90-2601.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 6, 1991.
Decided May 20, 1991.
 
 Kenneth Anthony Pels, Sr., Borzilleri, Baker & Pels, Washington, D.C., for plaintiff-appellant.
 Christopher Bowmar Mead, Asst. U.S. Atty., Baltimore, Md., argued (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., Donald J. Reed, Sr. Atty., Gen. Counsel, U.S. Dept. of Commerce, Washington, D.C., on brief), for defendant-appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and KISER, District Judge for the Western District of Virginia, sitting by designation.
 WILKINSON, Circuit Judge:
 
 
 1
 Appellant James C. Talbert filed suit under the Federal Tort Claims Act ("FTCA") against the United States and the Department of Commerce alleging negligent maintenance of his personnel records. Because any injury to Talbert would involve the communication of allegedly defamatory information, we hold his claim barred by the exemption from liability for libellous statements in Sec. 2680(h) of the FTCA.
 
 I.
 
 2
 According to his complaint, Talbert's troubles started on March 9, 1984 when he was injured while working for the Department of Commerce. In May, Talbert aggravated the injury, again while working. After his injury, Talbert was often absent from work because "[he] suffered incapacitating pain, negating his ability to work, or had to attend necessary doctors' appointments and prolonged physical therapy sessions." Talbert alleges that "[a]fter the injury, except for a brief period of scheduled vacation, [he] was only absent from work due to medical reasons." However, by letter dated October 10, 1985, the Department of Commerce terminated Talbert's employment based on his "excessive unauthorized absence and unavailability for work," effective October 17, 1985.
 
 
 3
 Talbert appealed to the Merit Systems Protection Board. The Board affirmed the agency's removal action, sustaining the charge of unavailability for work but not the charge of absence without leave.
 
 
 4
 Talbert sought and received a copy of his personnel records under the Freedom of Information Act in June 1987. In his complaint, Talbert alleges that his "personnel files recorded considerable contradictory, erroneous information and the false assertions of management, in particular, that Plaintiff was absent from work for no reason at all rather than the accurate recording of medical leave as the reason for his absence."
 
 
 5
 On June 27, 1988, Talbert submitted an administrative claim asserting the negligent maintenance of his employment records. That claim was denied on October 26, 1988.
 
 
 6
 On March 22, 1989, Talbert filed suit against the United States under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671 et seq. He sought "the correction of negligently maintained and erroneously kept records and the proximate and direct damages for lack of due care in keeping and maintaining [his] employment records." Talbert alleged that, "[a]s a result of this negligent maintenance of his records, [he] has suffered damage to his reputation which has denied him employment and prospective employment."
 
 
 7
 In response, the government asserted that Talbert's claim was barred by the exemption from liability for defamatory statements in Sec. 2680(h) of the FTCA and by the Act's two-year statute of limitations. On October 18, the court dismissed Talbert's claim on limitations grounds.
 
 
 8
 This appeal followed.
 
 II.
 
 9
 We must first address the threshold question of whether Talbert's claim is even cognizable under the Federal Tort Claims Act. We hold that it is not.
 
 
 10
 The FTCA contains a general waiver of sovereign immunity. See 28 U.S.C. Secs. 1346(b), 2674 (1988). Section 1346(b) directs that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government...." The only relief provided for in the Act is "money damages." Birnbaum v. United States, 588 F.2d 319, 335 (2d Cir.1978); see Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d Sec. 3658 at 325-26 (1985 & Supp.1991). To the extent that Talbert is seeking other relief, we lack jurisdiction under the FTCA to accord it.
 
 
 11
 In addition, the monetary liability of the United States under the FTCA is subject to various exceptions. Relevant here is Sec. 2680(h), which provides that the Government is not liable for:
 
 
 12
 (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights....
 
 
 13
 28 U.S.C. Sec. 2680(h) (1988).
 
 
 14
 Whether Talbert's claim falls "outside the intended scope of the Federal Tort Claims Act ... depends solely upon what Congress meant by the language it used in Sec. 2680(h)." United States v. Neustadt, 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961). Because the Sec. 2680 exceptions "define the limits of [the] statutory waiver, they must be construed as a matter of federal, not state, law." Hydrogen Technology Corp. v. United States, 831 F.2d 1155, 1161 (1st Cir.1987). In so construing them, however, "we must turn to the 'traditional and commonly understood definition of the tort' " in question, consulting such appropriate sources as the Restatement (Second) of Torts and federal cases construing the exception. Jimenez-Nieves v. United States, 682 F.2d 1, 3-4 (1st Cir.1982) (quoting Neustadt, 366 U.S. at 706, 81 S.Ct. at 1300).
 
 
 15
 The government contends that Talbert's claim falls within the libel and slander exception to the FTCA because the "gist of Mr. Talbert's complaint ... is that the Department of Commerce is disseminating false information about him." According to the Restatement, liability for the tort of defamation--which includes libel and slander--exists if there is "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Restatement (Second) of Torts, Sec. 558 (1977).
 
 
 16
 Talbert insists that the gravamen of his claim is not the communication of defamatory material but the actionable breach of a duty to use reasonable care in maintaining the accuracy of his personnel records. To recover for negligence, however, a plaintiff must allege the existence of an injury caused by the defendant's conduct as well as the breach of a duty. In cases such as these, it is the communication that causes the injury. Indeed, the only injury to which Talbert points is the "damage to his reputation which has denied him employment and prospective employment." Plaintiff does not specifically allege how this damage to his reputation occurred. We may only assume that it occurred through the unprivileged publication of allegedly false information in Talbert's personnel file to third parties, particularly to prospective employers. Because the damages Talbert alleges appear to flow from past or future communication of the contents of the personnel files and the resulting injury to Talbert's reputation, the gravamen of Talbert's negligence claim is the government's communication of untrue statements about Talbert.[1] Artful pleading cannot alter the fact that his claim "resound[s] in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly." Jimenez-Nieves, 682 F.2d at 6. As such, Talbert's claim is barred under Sec. 2680(h) of the FTCA.
 
 III.
 
 17
 The logical force of the government's position is buttressed by the precedents. Most courts which have considered claims for negligent recordkeeping have found them barred under the libel and slander exception to the FTCA. In Moessmer v. United States, 760 F.2d 236 (8th Cir.1985), the plaintiff alleged that the CIA--his federal employer--negligently allowed false information to be placed in his employment file and that the CIA's reliance upon this information injured him, particularly when a prospective private employer refused to hire him. The court declined to draw a distinction between a claim for the negligent maintenance of personnel records and one for the dissemination of inaccurate information, stating that "[i]f the gravamen of his complaint is that the CIA communicated defamatory material to [the prospective employer], then his claim falls within the libel and slander exception to the FTCA." Id. at 237-38.
 
 
 18
 Similarly, in Hoesl v. United States, 629 F.2d 586 (9th Cir.1980), plaintiff alleged negligent examination and preparation of a report by a Navy psychiatrist which resulted in his firing. Dismissing the action under the defamation exception in the FTCA, the court explained that plaintiff's injury stemmed from the use of the allegedly incorrect report in making a personnel decision, not from any improper medical treatment. Id. at 587. See also Bergman v. United States, 751 F.2d 314, 317 (10th Cir.1984) (claim alleging negligent maintenance of records was really one for misrepresentation, deceit and slander and as such was barred by the FTCA). Cf. Jimenez-Nieves, 682 F.2d at 6 (claims involving injury to reputation from the SSA's defamatory actions in dishonoring plaintiff's checks were barred by the FTCA). But see Quinones v. United States, 492 F.2d 1269 (3d Cir.1974).
 
 IV.
 
 19
 The absence of clear legislative guidance also counsels that we not artificially sever Talbert's negligent maintenance of records claim from the defamation roots that sustain it. Allowing Talbert's claim would pave the way for vast numbers of potential lawsuits, as every arguably false statement in every personnel file would henceforth be actionable under the FTCA. Such a significant step should not be taken in the absence of clear direction from Congress, particularly since "the proper objective of a court attempting to construe one of the subsections of 28 U.S.C. Sec. 2680 is to identify 'those circumstances which are within the words and reason of the exception'--no less and no more." Kosak v. United States, 465 U.S. 848, 853-54 n. 9, 104 S.Ct. 1519, 1523, n. 9, 79 L.Ed.2d 860 (1984) (quoting Dalehite v. United States, 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953)).
 
 
 20
 All this is not, of course, to say that plaintiffs in Talbert's position are powerless to contest the wrongfulness of agency personnel actions in appropriate proceedings before the Merit Systems Protection Board or otherwise. We hold only that this claim cannot be pressed under the FTCA. Because it is plain that Talbert's claim must be dismissed under section 2680(h), we need not reach the question of whether the limitations period has run on it. The judgment of the district court is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Because Talbert cannot recover under the FTCA for an alleged wrongful discharge from federal employment, see Premachandra v. United States, 739 F.2d 392, 393-94 (8th Cir.1984), his claim is necessarily that he is unable to obtain other work because of damage to his reputation
 In his complaint, Talbert seeks $600,000.00. In his administrative claim, Talbert explained that this represented the amount of wages he would lose from 1985 to approximately 2005 as a result of his damaged reputation. While Talbert now asserts that "[d]efendants' actions have caused Plaintiff and his family severe mental and emotional suffering and outrage," this item of damages was never presented to the appropriate federal agency as required by the FTCA, see Kielwien v. United States, 540 F.2d 676 (4th Cir.1976), and appears in any event to be a product of the underlying reputational injury.