980 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas Wayne NGUYEN, Plaintiff-Appellant,
v.
UNITED STATES of AMERICA, Defendant-Appellee.
Thomas Wayne NGUYEN, Plaintiff-Appellant,
v.
UNITED STATES of AMERICA, Defendant-Appellee.
Thomas Wayne NGUYEN, Plaintiff-Appellant,
v.
UNITED STATES of AMERICA; Wayne N. Wilson, Defendants-Appellees.
Thomas Wayne NGUYEN, Plaintiff-Appellant,
v.
UNITED STATES of AMERICA, Defendant-Appellee,
and Willie Green; Roger G. Gano, Defendants.
 Nos. 92-1294, 92-1564, 92-1676, 92-1796.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 25, 1992
Decided: November 30, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge; Claude M. Hilton, District Judge; Albert V. Bryan, Jr., Senior District Judge. (CA-91-1853-A, CA-91-1861-A, CA-92-154-A, CA-92-270-A, CA92-414-A)
 Thomas Wayne Nguyen, Appellant Pro Se.
 Robert Charles Erickson, Jr ., Theresa Carroll Buchanan, Office of The United States Attorney, Alexandria, Virginia; Anne M. Richard, Toni Lynn Stevens, HAZEL & THOMAS, P.C., Alexandria, Virginia, for Appellees.
 E.D.Va.
 Affirmed.
 Before WILKINS, Circuit Judge, and BUTZNER and SPROUSE, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas Nguyen appeals the district court's decisions granting Defendants' Motions to Dismiss on the basis that (1) Nguyen had failed to file his tort claims with the Army prior to filing suit in district court, as required by 28 U.S.C.A. § 2675(a) (West Supp. 1992), and (2) that Nguyen had not exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-1 to -16 (West 1981 & Supp. 1992). We affirm.
 
 
 2
 Nguyen, a civil service employee who worked as a computer programmer and analyst at the Army Personnel Information Systems Command, received what he felt was an unfair performance evaluation in October 1991. Nguyen's supervisor subsequently found it necessary to place Nguyen on administrative leave beginning on December 11, 1991. When Nguyen learned of the latter action, there was a scuffle involving Nguyen that resulted in injury to a personnel officer. Police and security officers were called to the scene; the scuffle was witnessed by a number of Nguyen's coworkers. Subsequently, Nguyen was determined to suffer from a psychiatric disorder. The lawsuits that form the basis of the subject appeals were precipitated by some or all of these events.
 
 
 3
 The district court determined that, to the extent that the lawsuits claimed defamation and assault and battery, they were properly treated as brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 2671-2680 (West 1965 & Supp. 1991). Because Nguyen had not first filed a complaint with the Army, as required by 28 U.S.C. § 2675(a), the court found that it lacked jurisdiction to consider the claims.
 
 
 4
 In Talbert v. United States, 932 F.2d 1064 (4th Cir. 1991), we held that under 28 U.S.C.A. § 2680(h)(West Supp. 1992), one may not maintain an action under the FTCA for defamation. Id. at 1065-67. As assault and battery is one of the torts, like defamation, specifically exempted from the FTCA under § 2680(h), the holding of Talbert logically extends to that tort. Further, since the United States has not waived its sovereign immunity with respect to those torts, Nguyen is barred from suing any of the individual Defendants. See United States v. Smith, 59 U.S.L.W. 4201 (U.S. 1991).* We discern no other possible jurisdictional basis on which Nguyen might raise his tort claims in federal court.
 
 
 5
 We agree with the district court that, to the extent that Nguyen raised a claim of national origin or racial discrimination under Title VII, he failed to exhaust his administrative remedies. Specifically, he did not file a formal complaint of discrimination with the Army once informal counseling was complete and he was advised of his right to file a formal complaint. See Young v. National Center for Health Servs. Research, 828 F.2d 235, 237 (4th Cir. 1987).
 
 
 6
 As our review of the record and other materials before the Court reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgments of the district court are affirmed.
 
 AFFIRMED
 
 7
 *Defendant Wilson, a security guard working for a private employer that had contracted with the government to provide services, was acting as a government employee when he was called to the scene of the altercation on December 11, 1991. He was called by government employees, and he acted with other government employees in subduing Nguyen, removing him from the building, and reporting his version of events to the government. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).