12 F.3d 205
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Claudia Sailor NIMOCKS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
and
Emily K. Ramey, Defendant.
Claudia Sailor Nimocks, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee,
and
Carol Baldwin, Defendant.
Claudia Sailor Nimocks, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee,
and
Claire M. Aina, Defendant.
Claudia Sailor Nimocks, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee,
and
Paula P. Greene, Defendant.
Claudia Sailor Nimocks, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee,
and
Brenda W. Hicks, Defendant.
 Nos. 93-1074, 93-1075, 93-1076, 93-1077, 93-1085
 United States Court of Appeals, Fourth Circuit.
 Nov. 30, 1993.
 
 1
 Appeals from the United States District Court for the Eastern District of North Carolina at Fayetteville.
 
 
 2
 Bryan Stuart Beier, George Mason University School of law, for Appellant.
 
 
 3
 Rudolph A. Renfer, Jr., Assistant United States Attorney, for Appellee.
 
 
 4
 Alfred Winchell Whittaker, Kirkland & Ellis, for Appellant.
 
 
 5
 James R. Dedrick, United States Attorney, for Appellee.
 
 
 6
 E.D.N.C.
 
 
 7
 AFFIRMED.
 
 
 8
 Before MURNAGHAN and HAMILTON, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 PER CURIAM
 OPINION
 I.
 
 9
 Claudia Sailor Nimocks, appellant, after working in the Fort Bragg School System as a Cultural Arts Supervisor for twenty-two years, was terminated by the School Board in June 1990. Proceeding pro se, Nimocks filed suit in North Carolina against five of her co-workers for making allegedly defamatory statements about her during a staff meeting held on August 24, 1989. These statements described ongoing personnel problems within the office at the school, and provided the basis for Nimocks' termination.
 
 
 10
 Nimocks' appeal to the Commanding General of Fort Bragg caused her to be restored to the position of Cultural Arts Supervisor with a finding that the Board terminated her without notice or an opportunity to be heard.
 
 
 11
 The United States Attorney, pursuant to 28 U.S.C.Sec. 2679(d)(2), certified that the co-workers had been acting within the scope of their employment when commenting about Nimocks. On that basis, the United States was substituted as the defendant and under 28 U.S.C. Secs. 1441, 2679(d)(2) the complaint was removed to the Eastern District of North Carolina.
 
 
 12
 On October 27, 1992, the District Court denied Nimocks' motion to remand the case to state court holding that the co-workers were acting within the scope of their employment and that the Federal Torts Claims Act ("FTCA") precludes government liability for defamation, 28 U.S.C. Sec. 2680(h).
 
 II.
 
 13
 The FTCA holds the United States liable "to the same extent as a private party for certain torts." 28 U.S.C. Sec. 2674; United States v. Orleans, 425 U.S. 807, 813 (1976). Thus, the FTCA waves sovereign immunity, but it is a limited waiver and it exempts from its waiver of sovereign immunity claims for defamation, 28 U.S.C. Sec. 2680(h); Talbert v. United States, 932 F.2d 1064, 1067 (4th Cir.1991), and therefore, the United States cannot be sued for defamation. Id. at Sec. 2674; Talbert, 932 F.2d at 1067. Similarly, Government employees acting within the scope of their employment cannot be sued on such claims. 28 U.S.C. Secs. 2679(d)(2), 2680(h); United States v. Smith, 499 U.S. 160, 165 (1991) (the Liability Reform Act immunizes Government employees from suit even when an FTCA exception precludes recovery against the Government).
 
 
 14
 The Westfall Act authorizes certification by the Attorney General that employees were acting within the scope of their federal employment at the time of the incident giving rise to the tort claim. 28 U.S.C. Sec. 2679(d)(2). Upon certification, the claim in state court must be removed to the district court. Id. The regulations provide that the United States Attorneys, in their respective districts, are authorized to make the certification provided for in Sec. 2679(d)(2). 28 C.F.R. Sec. 51.3(a).
 
 
 15
 Nimocks contends that the district court lacked subject matter jurisdiction to remove her claim because the co-workers were neither federal employees nor acting within the scope of their employment when they defamed Nimocks. Whether the lower court had subject matter jurisdiction is a legal question subject to de novo review. Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir.1992).
 
 
 16
 When a United States Attorney certifies that federal employees are acting within the scope of employment pursuant toSec. 2679(d)(2), the certification is conclusive for purposes of removal and substitution. Johnson v. Carter, 983 F.2d 1316, 1320 (4th Cir.1993), cert. denied, 1993 U.S. LEXIS 4930 (Oct. 4, 1993). Thus, if the co-workers were federal employees, the certification is not reviewable.
 
 
 17
 Remanding this case to determine if the co-workers were federal employees would serve no purpose. An action or proceeding for libel or slander in North Carolina must be brought within one year of the date the action accrues, and the action accrues as of publication of the defamatory words. N.C. Gen.Stat. Sec. 1-54 (1990); Pressley v. Continental Can Co., 250 S.E.2d 676, 677 (N.C.App.1979). On August 24, 1989, the Superintendent held the meeting at which the coworkers made the alleged defamatory statements. Nimocks did not file suit until June 5, 1992. Thus, Nimocks is barred from bringing this action in state court.
 
 
 18
 Nimocks' claim that the defamation was continuing is also unavailing because as of June and August 1990, all the co-workers became federal employees. Thus, any action against them after that time would fail under the FTCA. See 28 U.S.C.Secs. 2674, 2679(d)(2); Smith, 499 U.S. at 165.
 
 
 19
 Accordingly, the judgment of the District Court is affirmed.
 
 AFFIRMED