Daniel (Danny) BAKER et al., Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 95–CV–6487L.

United States District Court, W.D. New York.

Oct. 22, 1996.

Paige S. Anderson, Lopinto, Schlather, Solomon & Salk, Ithaca, NY, for Daniel (Danny) Baker, Peter DeFranco.

Brian M. McCarthy, Asst. U.S. Atty., Rochester, NY, for U.S.

*DECISION AND ORDER*

LARIMER, Chief Judge.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Plaintiffs, Daniel Baker ("Baker") and Peter DeFranco ("DeFranco"), commenced this action against the United States ("defendant"), alleging negligent or otherwise wrongful acts or omissions by employees of the Veterans Administration ("VA") employed at the Veterans' Administration Medical Center in Canandaigua, New York ("VAMC").

Pending before me are defendant's motion for judgment on the pleadings as to DeFranco's claim and plaintiffs' motion for leave to file an amended complaint.

## I. FACTUAL BACKGROUND

Baker and DeFranco were simultaneously both patients and employees at VAMC, where Baker worked as a counselor, and DeFranco worked as an addiction therapist. In this lawsuit, plaintiffs complain about actions of various VAMC employees and, in particular, about their counselor and coworker, Dr. Richard Lyman ("Lyman"), a certified psychologist.

Specifically, Baker maintains that between July and September 1991, Lyman disclosed certain confidential information regarding Baker which he obtained during their counseling sessions. Baker claims further that, during this same period, certain VAMC employees falsified his records. Baker alleges that when he complained about these unlawful disclosures, as well as other unlawful practices at VAMC, Lyman and other VAMC employees retaliated against him with harassment and punishment.

DeFranco claims that in June 1991, after having observed incidents of patient abuse by Lyman, he reported Lyman to the Chief of Psychology Service at VAMC. Further, DeFranco aided an investigation concerning unauthorized disclosures of patient confidences by Lyman and other VAMC employees. DeFranco maintains that as a result of his

actions, Lyman and other VAMC employees retaliated against him in a variety of ways.

Defendant moves for judgment on the pleadings as to DeFranco's cause of action. According to defendant, the retaliation DeFranco complains of constitutes adverse personnel action under the Civil Service Reform Act ("CSRA"). Because the CSRA provides comprehensive and exclusive procedures for settling work-related controversies between civil service employees and their employees, claims arising out of a federal-employment relationship governed by the CSRA may not be brought under the FTCA. Defendant maintains that DeFranco's employment relationship with the Veterans Administration is governed by the CSRA, and, therefore, DeFranco is foreclosed from suing under the FTCA.

Plaintiffs initially opposed defendant's motion for judgment on the pleadings, alleging that it was not exactly clear what DeFranco's employment status was at the VAMC and whether he was even protected by the CSRA.[1] Because the specific employment status was information in the possession of defendant, and because there had been no discovery on this issue, plaintiffs argued that the motion was premature and should be denied.

Defendant responded with an affidavit of the Assistant Chief of Human Resources Management Service for the VAMC stating that DeFranco's positions with the VAMC—first, as a psychology technician and then, as an addiction therapist—were both civil service positions covered by the CSRA.

█ In light of this affidavit, plaintiffs' counsel agreed at oral argument that DeFranco was an employee covered by the CSRA, and, therefore, given the relevant case law, including *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), DeFranco's FTCA claim should be dismissed. Accordingly, defendant's motion for judgment on the pleadings as to DeFranco's cause of action is granted.

---

1. DeFranco submitted an affidavit in opposition to defendant's motion for judgment on the pleadings and in support of plaintiffs' motion to

amend in which he states that he believed he was a member of the exempt non-competitive civil service.

Plaintiffs now move for leave to file an amended complaint to allege claims under the Privacy Act, 5 U.S.C. § 552a; the statute governing the confidentiality of veterans' medical records, 38 U.S.C. § 7332; and the statute governing negligence and malpractice actions against physicians employed by the VA, 38 U.S.C. § 7316. Plaintiffs also seek to add a claim under the FTCA for actions allegedly perpetrated against them as patients.

Defendant opposes plaintiffs' motion to amend as futile. According to defendant, all the amended causes of action would be subject to immediate dismissal.

## II. DISCUSSION

■ Plaintiffs seek leave to amend the complaint to allege four causes of action. Before granting leave to amend, I must consider whether the proposed amended causes of action state claims upon which relief can be granted. If not, amendment would be futile and leave must be denied. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993).

### 1. First Amended Cause of Action

Baker maintains that between July and September 1991, Lyman disclosed personal and confidential information from Baker's medical and personnel records to third parties without his consent. Further, during this same period, VAMC employees altered and falsified Baker's medical and personnel records. After Baker complained about these unlawful disclosures, Lyman and other VAMC employees harassed and tormented him.

Baker asserts that these actions violated the Privacy Act, the FTCA, and the statute governing the confidentiality of veterans' medical records, 38 U.S.C. § 7332.

### a. Privacy Act

In the amended complaint, Baker alleges specifically that "during [July 1991 through September 1991] and continuing thereafter, defendant's agents and employees intentionally and wilfully altered, changed, and falsi-

fied plaintiff's personnel and medical records, which were contained in a system of records at the Veterans' Administration in Canandaigua." Amended Complaint ¶ 18.

Defendant contends that this Privacy Act claim is barred by the statute of limitations.

■ The Privacy Act provides that an action must be brought "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). Courts have held that the cause of action arises and the statute of limitations begins to run when plaintiff knew or should have known of the initial Privacy Act violation. *Shannon v. General Elec. Co.*, 812 F.Supp. 308, 319 (N.D.N.Y.1993).

■ At oral argument, the parties agreed that any violation that occurred more than two years before the filing of the lawsuit was barred by the statute of limitations. Plaintiffs' counsel represented to the Court, however, that there were separate, continuing violations which occurred within the two years prior to the filing of this action and which are still occurring today.

Therefore, I will grant plaintiffs leave to amend their complaint to allege a Privacy Act claim on behalf of Baker. Discovery will be permitted to determine if, in fact, separate, timely violations of the Privacy Act exist. Whether this claim survives after discovery is a question for another day.

■ I caution the parties, however, that "if the plaintiff knew or should have known of the initial Privacy Act violation, he cannot revive a potential cause of action simply because the violation continued to occur; he can allege subsequent violations only if there are subsequent events that occurred in violation of the Privacy Act." *Shannon*, 812 F.Supp. at 319–20.

### b. FTCA Violation

Baker maintains that his FTCA claim consists of two distinct components: (1) defendant falsified his confidential medical and personnel records; and (2) defendant intentionally disclosed these records. Plaintiff maintains that both actions violated the statutory duties imposed by 38 U.S.C. § 7332

and, therefore, are actionable under the FTCA.

■ Specifically, Baker alleges in the amended complaint that defendant "wilfully and intentionally disclosed personal and confidential information from plaintiff's medical and/or personnel records to third parties." Amended Complaint ¶ 16. Further, "defendant's agents and employees intentionally and wilfully altered, changed, and falsified plaintiff's personnel and medical records, which were contained in a system of records at the Veterans' Administration in Canandaigua." *Id.* ¶ 18. According to Baker, "Dr. Lyman and other Veterans Administration employees harassed and tormented plaintiff Baker after he complained about these *unlawful disclosures*." *Id.* ¶ 19 (emphasis added).

As a result of defendant's conduct, Baker claims he suffered "damage to emotional health; exacerbation of pre-existing post-traumatic stress disorder; heart attack; damage to reputation; loss of civil rights; constructive discharge from employment on basis of total disability; loss of income; humiliation; and other damages." Amended Complaint ¶ 21.

Defendant maintains that this FTCA claim fails because what plaintiff is really alleging is that defendant disclosed plaintiff's falsified medical and personnel records. Such allegations constitute a claim for libel and slander which is barred under the FTCA by 28 U.S.C. § 2680(h).[2]

Plaintiffs respond that two separate violations have been alleged here: (1) the government negligently maintained Baker's records; and (2) the government disclosed inaccurate information from these records to third parties. Plaintiffs maintain that each constitutes a separate actionable violation under the FTCA.

Several courts have addressed these issues, and the majority of them have declined to draw a distinction between a claim for negligent maintenance of personnel records

and for dissemination of incorrect information. Consequently, most courts have found these types of claims for negligent record keeping to be barred under the libel and slander exception to the FTCA. The reasoning is that any injury to plaintiff would result from the communication of the allegedly false information and not from its mere retention.

For example, in *Talbert v. United States*, 932 F.2d 1064 (4th Cir.1991), plaintiff filed an action under the FTCA alleging negligent maintenance of his personnel records, resulting in damage to his reputation and denial of employment.

The court dismissed plaintiff's action, reasoning that "[b]ecause the damages [plaintiff] alleges appear to flow from past or future communication of the contents of the personnel files and the resulting injury to [plaintiff's] reputation, the gravamen of [plaintiff's] negligence claim is the government's communication of untrue statements about [plaintiff]." *Id.* at 1066.

According to the court, "[a]rtful pleading cannot alter the fact that his claim resound[s] in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly." *Id.* at 1066–67 (quoting *Jimenez–Nieves v. United States*, 682 F.2d 1, 6 (1st Cir.1982)).

The court concluded that it could not "artificially sever [plaintiff's] negligent maintenance of records claim from the defamation roots that sustain it." *Id.* at 1067. Accordingly, plaintiff's claim was barred under the libel and slander exception to the FTCA. *Accord Moessmer v. United States*, 760 F.2d 236 (8th Cir.1985); *Jimenez–Nieves v. United States*, 682 F.2d 1 (1st Cir.1982).

While I acknowledge that some courts have drawn a distinction between a claim for negligent maintenance of records and a claim for dissemination of inaccurate information and have held that § 2680(h) bars only the later claim, *Quinones v. United States*, 492 F.2d 1269 (3d Cir.1974); *Doe v. United*

---

**2.** Section 2680(h) provides that the provisions of the Federal Tort Claims Act do not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

*States,* 520 F.Supp. 1200 (S.D.N.Y.1981), I decline to draw such a distinction in this case and, instead, adopt the more persuasive reasoning of the Fourth Circuit in *Talbert.*

Here, the gravamen of plaintiff's complaint is that defendant disclosed inaccurate information to third parties. The damages plaintiff seeks appear to result directly from communication of this allegedly false information and not from defendant's mere maintenance of inaccurate information.

Therefore, I find that plaintiff's claim is essentially a defamation claim and, as such, is barred under the libel and slander exception to the FTCA. Accordingly, plaintiff will not be granted leave to amend the complaint to allege a FTCA claim on behalf of Baker.

## 2. Second Amended Cause of Action

As a second amended cause of action, Baker maintains that defendant, in disclosing and falsifying his patient and employment records, committed malpractice in violation of 38 U.S.C. § 7316.

Section 7316(a)(1) provides a remedy "for damages for personal injury, including death, allegedly arising from malpractice or negligence of a medical care employee of the [Veterans'] Administration in furnishing medical care or treatment."

■ However, "[n]ot every tort that a doctor commits with respect to a patient is medical malpractice. In the typical malpractice case a doctor negligently makes a mistaken diagnosis, administers the wrong treatment to his patient or fails to administer the right treatment because of that mistake, and thereby injures the patient's physical or mental health." *Hoesl v. United States,* 451 F.Supp. 1170, 1173 (N.D.Cal.1978), *aff'd,* 629 F.2d 586 (9th Cir.1980).

Defendant's wrongful actions of disclosing plaintiff's falsified medical and personnel records to third parties "do not constitute medical malpractice in any usual meaning of the term." *Id.* Lyman's conduct simply did not involve the furnishing of medical care or treatment to Baker.

Accordingly, plaintiffs will not be permitted to amend their complaint to allege a medical malpractice cause of action under 38 U.S.C. § 7316.

## 3. Third Amended Cause of Action

DeFranco maintains that defendant, in violation of the Privacy Act, altered and falsified his VAMC patient and employment records and subjected them to unlawful disclosure. When DeFranco complained about these unlawful disclosures, Lyman and other VAMC employees allegedly harassed him.

Defendant maintains that this Privacy Act claim is barred by the two-year statute of limitations prescribed in 5 U.S.C. § 552a(g)(5).

For the same reasons discussed in connection with Baker's Privacy Act claim, I will grant plaintiffs leave to amend their complaint to assert a Privacy Act claim on behalf of DeFranco. As with Baker, discovery will be necessary to determine if, in fact, subsequent, timely violations of the Privacy Act occurred.

## 4. Fourth Amended Cause of Action

The fourth amended cause of action is identical to the cause of action under the FTCA that was the subject of defendant's motion for judgment on the pleadings. As discussed, *supra,* this claim must be dismissed.

## III. CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted as to DeFranco's cause of action in the original complaint. Further, plaintiffs' motion for leave to file an amended complaint is granted in part and denied in part.

Plaintiffs will be permitted to file an amended complaint within twenty (20) days of the entry of this decision and order, alleging claims for violations of the Privacy Act. Plaintiffs will not, however, be permitted to assert claims under the FTCA for alleged violations of 38 U.S.C. § 7332 or for medical malpractice.

IT IS SO ORDERED.