**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1121**

ANDREW J. BILLUPS, III,

       Plaintiff – Appellant,

   v.

UNITED STATES OF AMERICA,

       Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:19-cv-00646-DJN)

Argued:  March 9, 2021                     Decided:  May 6, 2021

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Harris wrote the opinion, in which Judge Diaz and Judge Thacker joined.

**ARGUED:**  Christopher L. Spinelli, EMROCH & KILDUFF, LLP, Richmond, Virginia, for Appellant.  Jonathan Tyler Lucier, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  William Randolph Robins, Jr., EMROCH & KILDUFF, LLP, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Andrew Billups III brought this suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries he sustained when an employee of the United States Postal Service blasted a loud truck horn near his head. The district court dismissed Billups's suit for lack of jurisdiction, finding that his claim was based on battery and therefore barred by the intentional-tort exception to the FTCA's waiver of the United States' sovereign immunity. We agree that Billups's claim, at its core, sounds in battery and therefore affirm.

### I.

### A.

Andrew Billups III brought this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, seeking $3 million in damages for injuries he suffered when a postal employee's prank went seriously wrong. In his complaint, Billups alleged that he visited a United States Postal Service ("USPS") office in Kilmarnock, Virginia, in September of 2017. He parked near a Ford F-250 pickup truck that had been backed into a parking space, with its front grill facing into the parking lot. As Billups exited his car, he heard a loud horn blast from the nearby truck. He approached the vehicle to investigate and bent down to examine the truck's grill. When his head was just a few feet away from the grill, the truck's horn – which had been modified to create an unusually loud noise – blasted again. Billups immediately experienced "significant ringing" in both of his ears and "moderate deafness." J.A. 5.

3

Billups later learned that the truck was owned by Ronald Cain, a custodian at the post office. Cain admitted that he had purposefully triggered the horn with a remote device to play a practical joke on Billups, and that some of his colleagues had watched the prank through a hole cut in the office's venetian blinds. Billups has since been diagnosed with high-frequency hearing loss and tinnitus in both ears as a result of the horn blast.

After USPS denied his administrative claim, Billups brought this suit in federal court. His complaint specified four separate counts arising from Cain's activation of the truck horn. Billups later conceded before the district court that three of those counts – direct liability claims against the United States for negligent supervision, training, and retention of Cain – were foreclosed by a recent decision of the Supreme Court of Virginia. That left Billups's fourth claim, the only one before us today: a claim for vicarious liability, asserting that the United States was liable for the injuries caused by its employee's "negligent activation of his Truck horn." J.A. 8.

The district court dismissed this claim without prejudice for lack of subject-matter jurisdiction. *Billups v. United States*, 433 F. Supp. 3d 916, 918 (E.D. Va. 2020).[1] While the FTCA waives the United States' sovereign immunity for some torts committed by federal employees, the court explained, it specifically excepts from this waiver certain intentional torts, including "[a]ny claim arising out of assault [or] battery." *Id.* at 921 (quoting 28 U.S.C. § 2680(h)). The court recognized that Billups labeled his claim as one

---

[1] The district court also dismissed Billups's direct liability claims with prejudice, in light of his concession that those claims could not go forward. *Billups*, 433 F. Supp. 3d at 923 n.1. Billups does not appeal this ruling.

4

of negligence, not the intentional tort of battery. *See id.* at 921. But, the court reasoned, it "is the substance of the claim and not the language used in stating it which controls," *id.* at 921–22 (internal quotation marks omitted), and the substance of Billups's claim was clearly battery: Billups alleged only intentional actions, taken to "violate the legally protected interest of [Billups] in his person," bringing the claim into the heartland of battery. *Id.* at 923.

Whether Billups could *succeed* on his battery claim, the court concluded, was not the question before it. *See id.* at 922. According to Billups, his claim could not be treated as one for battery because Virginia law has not expressly recognized battery by soundwave, rather than physical touching. *Id.* But the FTCA's intentional-tort exception, the court explained, does not require a court to examine a plaintiff's "likelihood of success" under a battery theory. *Id.* The only question is whether the plaintiff's claim "aris[es] out of" battery. *Id.* at 921 (quoting 28 U.S.C. § 2680(h)). Because Billups's claim did just that, the district court held, it fell within § 2680(h)'s jurisdictional bar and should be dismissed. *See id.* at 922–23.

Billups timely appealed.

## II.

We review de novo a dismissal for lack of subject-matter jurisdiction. *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013). For the reasons given below, we agree with the district court that Billups's claim "arises out of" battery for purposes of § 2680(h) and thus affirm its dismissal of that claim.

5

The FTCA provides a limited waiver of the United States' sovereign immunity that allows plaintiffs to sue the United States "for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (internal quotation marks omitted); *see* 28 U.S.C. § 1346(b)(1) (waiving sovereign immunity for tort claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). But the statute carves out from this waiver "[a]ny claim arising out of" a list of specified torts, most of which are intentional. 28 U.S.C. § 2680(h).[2] As relevant here, § 2680(h) provides that the United States has not waived sovereign immunity for "[a]ny claim arising out of . . . battery." *Id.* The question before us, then, is whether Billups's claim "aris[es] out of . . . battery" and thus falls outside of the FTCA's waiver of sovereign immunity. Like the district court, we find that it does.

First, as the district court recognized, in assessing whether Billups's claim is barred by § 2680(h), we look to the substance of the conduct alleged and not the label that Billups has attached to his complaint. *See Talbert v. United States*, 932 F.2d 1064, 1066–67 (4th Cir. 1991). If the "gravamen" of Billups's claim is battery, then "artful[ly] pleading" it as negligence will not take it outside of § 2680(h)'s ambit. *See id.* at 1066. The question for

---

[2] This provision is sometimes referred to as the "intentional-tort exception" to the FTCA. *See, e.g.*, *Durden*, 736 F.3d at 300. As the Supreme Court has explained, that shorthand label is mostly but not entirely accurate: The provision "does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion and trespass, and it encompasses certain torts, *e.g.*, misrepresentation, that may arise out of negligent conduct." *Levin v. United States*, 568 U.S. 503, 507 n.1 (2013) (citation omitted).

us, in other words, is not whether Billups has pled his claim as battery but whether his claim in fact and substance sounds in battery, and thus "arises under" battery within the meaning of § 2680(h). *See Popovic v. United States*, 175 F.3d 1015, 1999 WL 228243, at *3–4 (4th Cir. 1999) (per curiam) (unpublished table decision).

Second, whatever else may be said of Billups's claim – and notwithstanding its label – it does *not* sound in negligence. Negligence "conveys the idea of heedlessness, inattention, [and] inadvertence," *Green v. Ingram*, 608 S.E.2d 917, 923 (Va. 2005) (internal quotation marks omitted), and "[i]ntentional conduct is not required," *Mayr v. Osborne*, 795 S.E.2d 731, 736 (Va. 2017); *see also* Restatement (Second) of Torts § 282 cmt. d (1965).[3] But what Billups alleges, as the district court explained, is classically intentional conduct: that Cain purposefully modified his horn to increase its volume and then purposefully activated the horn remotely when Billups crouched down next to his truck. *See Billups*, 433 F. Supp. 3d at 922–23. The "gravamen" of that allegation, *see Talbert*, 932 F.2d at 1066, is the kind of "volitional conduct" that takes it plainly outside the realm of negligence, *see Billups*, 443 F. Supp. 3d at 922–23; *see also Popovic*, 1999 WL 228243,

---

[3] Both parties assume, as did the district court, that we look to the law of the state in which a tort occurs – here, Virginia – to determine whether a claim "arises out of" one of the torts listed in § 2680(h). In fact, we have held that the scope of the § 2680(h) exception is a "matter of federal, not state, law," and that the torts specified in that provision should be construed by turning to "traditional and commonly understood definition[s]" and "consulting such appropriate sources" as the Restatement and federal case law. *Talbert*, 932 F.2d at 1066 (internal quotation marks omitted). The source of law question makes no difference here, however, because Billups's claim sounds in battery under either approach.

at *4 (finding that allegations of intentional conduct are inconsistent with effort to characterize claim as negligence for purposes of § 2680(h)).

And finally, Billups claims not just volitional conduct, but volitional conduct that was intended to "violate [his] legally protected interest . . . in his person" – and that claim sounds directly in battery. *Billups*, 433 F. Supp. 3d at 923 (citing *Mayr*, 795 S.E.2d at 736 (quoting 1 Fowler V. Harper et al., *Gray on Torts* § 3.2 (3d ed. 2006))). The gist of Billups's complaint is that Cain intentionally exposed him to contact with an abnormally loud horn. It may be, as Billups asserts, that Cain had in mind only a practical joke, and did not intend to do physical harm. But at a minimum, according to Billups's own allegations, Cain "intended to violate [his] dignitary interest in being free from offensive contact." *Id.* That is the essence of a battery claim, *see Mayr*, 795 S.E.2d at 736 (explaining dignitary interest protected by battery), which requires only that a tortfeasor "act[] intending to cause a harmful or offensive contact" with another person and that a "harmful contact . . . results," Restatement (Second) of Torts § 13. And it remains a battery claim even if the offensive contact is caused indirectly or by an intangible substance like a laser beam. *See Adams v. Commonwealth*, 534 S.E.2d 347, 351 (Va. Ct. App. 2000) (recognizing battery claim for "touching by intangible substances" in form of laser beam); *see also United States v. Castleman*, 572 U.S. 157, 170 (2014) (explaining that force used in battery need not be applied directly and that battery may be committed with "intangible substance" such as a laser beam).

Still, Billups argues, his claim cannot be characterized as one for battery because, so framed, it might not succeed in Virginia courts, which have not recognized expressly

8

that battery can be committed by soundwaves.  Like the district court, we disagree.  For one thing, Billups may be reading Virginia law too narrowly.  *See Adams*, 534 S.E.2d at 351 (discussing intangible substances "such as light or sound" together and setting out standard for battery based on "contact by an intangible substance").  But in any event, as the district court recognized, whether a claim "arises out of" a tort listed in § 2680(h) does not turn on whether a plaintiff could succeed under that theory.  *See Billups*, 433 F. Supp. 3d at 922.  In *Popovic*, for instance, the plaintiff argued that his FTCA claim could not sound in defamation – another tort listed in § 2680(h) – because he had not alleged the necessary element of falsity.  1999 WL 228243, at *3.  But we rejected that argument, reasoning that the "arising out of" language in § 2680(h) is construed broadly, and that it was enough that the plaintiff's claims of reputational damage sounded, in their essence, in defamation.  *See id*. at *3–4.  Here, too, we ask not whether Billups can recover under a battery theory, but rather whether the "gravamen" of his claim sounds in battery.  *Talbert*, 932 F.2d at 1066.  Because it does, Billups's FTCA claim is barred by § 2680(h), and the district court properly dismissed it for lack of subject-matter jurisdiction.

## III.

For the reasons given above, the judgment of the district court is affirmed.

*AFFIRMED*

9